# EXHIBIT A

Original- Court
1st Copy- Defendant
2nd Copy- Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>26-007299-NO<br>Hon.Patricia Perez Fresard |
|---|---|---|

Court telephone no.: 313-224-5173

| Plaintiff's name(s), address(es), and telephone no(s)<br>Canning, Jacqueline | v | Defendant's name(s), address(es), and telephone no(s).<br>Delta Air Lines, INC |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>David R Stechow 56052<br>150 W. Jefferson Ave.<br>Detroit, MI 48226 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐_____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.          **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>5/1/2026 | Expiration date*<br>7/31/2026 | Court clerk<br>Jacqueline Ruff |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN

## 3RD CIRCUIT COURT FOR THE COUNTY OF WAYNE

JACQUELINE CANNING,

        Plaintiff,

v.

DELTA AIR LINES, INC., and
PROSPECT AIRPORT SERVICES, INC.,

        Defendants.

_____/

Case No: 26-    -NO
Hon.

**David R. Stechow (P56052)**
**MORGAN & MORGAN**
Attorneys for Plaintiff
150 W. Jefferson, Suite 1400
Detroit, Michigan 48226
(313) 739-1962
david.stechow@forthepeople.com

_____/

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint. MCR 1.109(D)(2)(a)(i).

*/s/ David R. Stechow*

_____
David R. Stechow P56052

## COMPLAINT

Plaintiff, Jacqueline Canning ("Canning"), by and through her attorneys, Morgan & Morgan, states as her Complaint against Defendants Delta Air Lines, Inc. ("Delta") and Prospect Airport Services, Inc. ("Prospect"), as follows:

1

## PARTIES

1. Plaintiff Canning is a resident of the City of Bonita Springs, County of Lee, State of Florida, and at all relevant times was a passenger at Detroit Metropolitan Wayne County Airport in the County of Wayne, State of Michigan.

2. Defendant Delta upon information and belief is a foreign profit corporation, incorporated under the laws of the State of Delaware, and at all relevant times conducted business in the County of Wayne, State of Michigan.

3. Defendant Prospect, upon information and belief is a foreign profit corporation, incorporated under the laws of the State of Illinois, and at all relevant times conducted business in the County of Wayne, State of Michigan.

## JURISDICTION AND VENUE

4. Venue exists in this Court because the cause of action arises from an incident that occurred on March 16, 2025, at Detroit Metropolitan Airport, in the County of Wayne, State of Michigan.

5. Jurisdiction exists in this Court because the amount in controversy is within the jurisdiction of this Court because Plaintiff claims damages in excess of $25,000.00.

## FACTUAL ALLEGATIONS

6. Plaintiff hereby restates, realleges, and incorporates the paragraphs above, as though set forth fully and completely herein.

7. On March 16, 2025, Plaintiff Canning was a ticketed passenger scheduled to depart on Delta Flight 1305 from Detroit Metropolitan Airport ("DTW") to Southwest Florida International Airport ("RSW").

2

8. On that date and time, Plaintiff Canning was on the premises of Defendants for a commercial benefit to the Defendants and therefore qualifies as a business invitee on the premises.

9. On that date and time, Defendants owned, managed, possesses, maintained controlled and/or operated the premises of Gate A70 of the McNamara Terminal at DTW.

10. On March 16, 2025, Plaintiff Canning was lawfully at Gate A70 of the McNamara Terminal at DTW, waiting to board Delta Flight 1305, which had experienced multiple delays.

11. While waiting at Gate A70, Plaintiff Canning approached the gate attendant desk to inquire about the status of her delayed flight.

12. Unbeknownst to Plaintiff Canning, while she was engaged in conversation with the gate agent, a wheelchair was placed directly behind her by an agent, servant, and/or employee of one or more of the Defendants.

13. Defendant Delta's gate agent failed to warn Plaintiff Canning of the wheelchair being placed behind her.

14. Upon turning from the gate attendant desk, Plaintiff Canning immediately tripped over the wheelchair that had been placed directly behind without warning or notice, and caused her to fall.

15. No agent, servant, or employee of Defendant Delta or Defendant Prospect responded to assist Plaintiff Canning after her fall; rather, a fellow passenger who witnessed the fall rendered aid to Plaintiff Canning.

16. Without any assistance offered by either Defendant, Wayne County Airport Authority Police responded and documented the incident under Case Report No. 250006397, recording that Plaintiff Canning reported she "tripped on a wheelchair that was behind her" and sustained injury to her right knee.

3

17. Wayne County Airport Authority Fire Department/EMS responded and assessed Plaintiff Canning at the scene.

18. Defendant Delta, following an internal review of the incident, acknowledged in correspondence dated April 9, 2025, that Plaintiff Canning "experienced a fall from a wheelchair being placed behind [her]". Defendant Delta forwarded the incident report to Defendant Prospect.

19. Defendant Prospect, in correspondence, claimed it had "no knowledge" of the incident, while also acknowledging that wheelchairs may be used without Prospect employee assistance and that chairs may be left at gates for agent use.

20. Defendant Prospect's response regarding wheelchair placement practices is consistent with a systemic failure to maintain safe procedures for wheelchair storage and placement in the gate area, creating foreseeable hazards for passengers.

21. The presence of a wheelchair left directly behind Plaintiff Canning, was a hazardous condition located on Defendants' premises that was created by Defendants.

22. Through no fault of her own, Plaintiff Canning sustained serious and permanent injuries as a result of the actions and omissions of Defendants.

23. On the date and of the incident because of Defendants' failure to maintain the premises, Plaintiff was seriously injured when she fell causing severe pain and injuries, including but not in any way limited to a nondisplaced transverse fracture of the right patella and a subacute radial head fracture of the left elbow.

## COUNT I – PREMISES LIABILITY

24. Plaintiff hereby restates, realleges, and incorporates the paragraphs above, as though set forth fully and completely herein.

4

25. On March 16, 2025, Plaintiff Canning was a business invitee on the premises at Gate A70 of the McNamara Terminal at DTW, awaiting departure on Delta Flight 1305.

26. Defendants owed a duty to exercise reasonable care to protect business invites such as Plaintiff Canning, from unreasonable risk harm caused by a dangerous condition on the land.

27. Defendants owed to its business invitees, and more specifically to Plaintiff Canning, to maintain said premises in a safe manner, free from hazardous conditions such as wheelchairs and other equipment left in locations where they could foreseeably cause passengers to trip and fall.

28. Defendants owned, managed, possessed, occupied, maintained controlled and/or operated the premises of Gate A70 of the McNamara Terminal at DTW and therefore had a non-delegable to maintain the premises in a reasonable safe condition for business invitees, like Plaintiff Canning.

29. Defendant owed a duty to Plaintiff and other business invitees of the premises to inspect for dangerous conditions and to repair, safeguard, or warn, as may be necessary, Plaintiff and other business invitees of dangerous conditions of which Defendants knew or should have known.

30. The placement of a wheelchair directly behind the Plaintiff, without warning or notice, was a dangerous condition that created an unreasonable risk of harm to Plaintiff.

31. Contrary to the duties owed to Plaintiff, Defendants breached those duties of care, amounting to negligence, through the following actions and omissions of action, including but not limited to the following ways:

    a. Placing a wheelchair directly behind Plaintiff Canning without warning, in a location where it created a tripping hazard;

5

b. Failing to warn Plaintiff Canning of the placement of the wheelchair behind her;

c. Failing to maintain the gate area in a safe condition, free from tripping hazards caused by wheelchair placement;

d. Failing to implement and enforce safe wheelchair storage and placement protocols in the gate area;

e. Failing to adequately supervise agents, servants, and/or employees responsible for wheelchair placement and storage in the gate area;

f. Failing to adequately train agents, servants, and/or employees regarding safe wheelchair placement to avoid creating hazards for passengers;

g. Failing to provide adequate staffing or coordination to ensure that wheelchair movement in the gate area did not endanger passengers;

h. Negligently, carelessly, and recklessly creating an unreasonably dangerous condition and significant risk of harm by virtue of the placement of a wheelchair in the path of pedestrian traffic without warning or safeguard;

i. Failing to provide prompt and adequate assistance to Plaintiff Canning after her fall;

j. Failure to keep the premises in a safe condition;

k. Other actions and/or omissions of action constituting negligence of which the Plaintiff is not yet aware.

32. Plaintiff Canning was free from any acts of negligence and/or omissions contributing in whole or part to said incident and resulting in damages and injuries.

33. As a direct and proximate result of the breach of Defendants' duties, Plaintiff Canning tripped over the wheelchair that had been placed behind her without warning and fell to the ground, sustaining serious injuries.

34. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered serious injuries and will continue to suffer for an indefinite time into the future, including but not limited to: a closed nondisplaced fracture of the right patella; suspected fracture and/or effusion of

6

the left elbow; hospitalization and emergency medical treatment; orthopedic consultations and follow-up care; physical therapy; prescription medication including narcotic pain management; an inability to work for in excess of two (2) months; pain and suffering; fright and shock; emotional distress; embarrassment, humiliation, and mortification; loss of social pleasures and enjoyment; future medical treatment; medical expenses and future medical expenses; lost wages and future lost wages; and other damages and injuries to be determined through discovery.

35. Prior to the occurrence of this incident, Plaintiff Canning was a reasonably strong and healthy person, engaging in the normal activities of life.

36. Plaintiff Canning has suffered and continues to suffer the loss of enjoyment of life and is unable to perform her normal daily activities she indulged in prior to the occurrence of this incident.

WHEREFORE, Plaintiff, Jacqueline Canning, respectfully requests that judgment be entered in her favor against Defendants Delta Air Lines, Inc. and Prospect Airport Services, Inc., for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained, and any other relief that the Court deems just and proper.

## COUNT II – NEGLIGENCE

37. Plaintiff hereby restates, realleges, and incorporates the paragraphs above, as though set forth fully and completely herein.

38. On March 16, 2025, Plaintiff Canning was lawfully on Defendants' premises at Gate A70 of the McNamara Terminal at DTW, waiting to board Delta Flight 1305.

39. On that date, Defendants owed a duty to exercise a degree of care to ensure the safety of their passengers, and in particular Plaintiff Canning. This duty includes taking necessary precautions to prevent harm to passengers in areas under Defendants' control.

40. On that date, Defendants owed a duty to maintain the gate area, including the placement and storage of wheelchairs and other equipment in locations where they could foreseeably cause passengers to trip and fall.

41. On that date, Defendants owed a duty to not act in a negligent manner, and to act prudently and with reasonable care for the protection of their passengers, and in particular for Plaintiff Canning.

42. Contrary to the duties owed, Defendants failed to exercise ordinary care and Defendants' agent, servant, and/or employee unbeknownst to Plaintiff Canning, placed a wheelchair directly behind her without warning or notice, and upon turning around, Plaintiff Canning immediately tripped over the wheelchair causing her to fall and sustain severe and permanent injuries.

43. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered serious injuries and will continue to suffer for an indefinite time into the future, including but not limited to: a closed nondisplaced fracture of the right patella; suspected fracture and/or effusion of the left elbow; hospitalization and emergency medical treatment; orthopedic consultations and follow-up care; physical therapy; prescription medication including narcotic pain management; an inability to work for in excess of two (2) months; pain and suffering; fright and shock; emotional distress; embarrassment, humiliation, and mortification; loss of social pleasures and enjoyment; future medical treatment; medical expenses and future medical expenses; lost wages and future lost wages; and other damages and injuries to be determined through discovery.

8

44.     Plaintiff Canning was free from any acts of negligence and/or omissions contributing in whole or part to said incident and resulting in damages and injuries.

45.     Prior to the occurrence of this accident, Plaintiff Canning was a reasonably strong and healthy person, engaging in the normal activities of life.

46.     Plaintiff Canning has suffered and continues to suffer the loss of enjoyment of life and is unable to perform her normal daily activities she indulged in prior to the occurrence of this incident.

WHEREFORE, Plaintiff, Jacqueline Canning, respectfully requests that judgment be entered in her favor against Defendants Delta Air Lines, Inc. and Prospect Airport Services, Inc., for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained, and any other relief that the Court deems just and proper.

Respectfully submitted,

_/s/ David R. Stechow_____
David R. Stechow (P56052)
MORGAN & MORGAN
Attorneys for Plaintiff
150 W. Jefferson Ave., Suite 1400
Detroit, Michigan 48226
(313) 739-1962

Dated:   April 30, 2026

9

STATE OF MICHIGAN

3RD CIRCUIT COURT FOR THE COUNTY OF WAYNE

JACQUELINE CANNING,

                Plaintiff,

v.

DELTA AIR LINES, INC., and
PROSPECT AIRPORT SERVICES, INC.,

                Defendants.

Case No: 26-     -NO
Hon.

_____/

**David R. Stechow (P56052)**
**MORGAN & MORGAN**
Attorneys for Plaintiff
150 W. Jefferson, Suite 1400
Detroit, Michigan 48226
(313) 739-1962
david.stechow@forthepeople.com

_____/

## JURY DEMAND

Plaintiff, Jacqueline Canning, by and through her attorneys, Morgan & Morgan, hereby

respectfully demands a trial by jury on all the issues in this cause of action.

                Respectfully submitted,

                /s/ David R. Stechow
                David R. Stechow (P56052)
                MORGAN & MORGAN
                Attorneys for Plaintiff
                150 W. Jefferson Ave., Suite 1400
                Detroit, Michigan 48226
                (313) 739-1962

Dated:  April 30, 2026

10